1  MICHAEL J. STORTZ (SBN #139386)
   michael.stortz@dbr.com
2  BETH O. ARNESE (SBN #241186)
   beth.arnese@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA 94105-2235
   Telephone: (415) 591-7500
5  Facsimile: (415) 591-7510

6  Attorneys for Defendants
   AT&T WIRELESS SERVICES, INC.
7  CINGULAR WIRELESS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROMAN SASIK et al., <br><br> Plaintiffs, <br><br> v. <br><br> AT&T WIRELESS SERVICES, INC., <br><br> Defendant. | Case No. CV05 2346 ABC (CWx) <br><br> **MOTION TO MODIFY ORDER FINDING NO PREEMPTION PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date: October 26, 2009 <br> Time: 10:00 a.m. <br> Dept: 680 <br> Judge: Hon. Audrey B. Collins <br> Action Filed: March 29, 2005 <br> Trial Date: Not Set |
| JANE WALDMANN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CINGULAR WIRELESS LLC and Does 1 through 10, inclusive, <br><br> Defendants. | Case No. CV07 05087 ABC (CWx) <br><br> **MOTION TO MODIFY ORDER FINDING NO PREEMPTION PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date: October 26, 2009 <br> Time: 10:00 a.m. <br> Dept: 680 <br> Judge: Hon. Audrey B. Collins <br> Action Transferred: August 6, 2007 <br> Trial Date: Not Set |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B)

CASE NO. CV05 2346 ABC (CWX)
CASE NO. CV07 5087 ABC (CWX)

# **TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARD .....................................................................................................1

III. DISCUSSION .................................................................................................................2

    A. Federal Preemption Is A Controlling Question Of Law ...................... 2

    B. There Is A Substantial Ground For A Difference Of Opinion ............. 3

    C. Immediate Appeal Will Advance The Termination Of The Case ........ 6

IV. CONCLUSION ..............................................................................................................9

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B)

CASE NO. CV05 2346 ABC (CWX)
CASE NO. CV07 5087 ABC (CWX)

# TABLE OF AUTHORITIES

*APCC Servs. v. ESH AT&T Corp.*,
  297 F. Supp. 2d 101 (D.D.C. 2003) ................................................................. 3, 4

*Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*,
  No. 06-0735, 2006 U.S. Dist. LEXIS 75084 (N.D. Cal. Oct. 4,
  2006) ................................................................................................................. 3, 4

*Atlantic City Elec. Co. v. G.E.*,
  207 F. Supp. 613 (D.C.N.Y. 1962) ....................................................................... 4

*Aubrey v. Ameritech Mobile Commc'ns, Inc.*,
  No. 00-75080, 2002 WL 32521813 (E.D. Mich. June 17, 2002) ......................... 5

*In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*,
  212 F. Supp. 2d 903 (S. D. Ind. 2002) .................................................................. 3

*Brown v. Texas & Pac. R.R.*,
  392 F. Supp. 1120 (D.C. La. 1975) ....................................................................... 4

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) .............................................................................. 2

*Chandler v. AT&T Wireless Servs., Inc.*,
  No. 04-0180, 2004 U.S. Dist. LEXIS 14884 (S.D. Ill. July 21,
  2004) ..................................................................................................................... 5

*In re Cintas Corp. Overtime Pay Arbitration Litig.*,
  No. 06-1781, 2007 U.S. Dist. LEXIS 35591 (N.D. Cal. Apr. 24,
  2007) ................................................................................................................. 3, 4

*Consumer Justice Found v. Pac. Bell Tel. Co.*,
  No. BC214554, slip op. (Cal. Super. Ct. July 29, 2002) ...................................... 5

*Cortez v. MTD Prods.*,
  927 F. Supp. 386 (N.D. Cal. 1996) ....................................................................... 7

*Dalie v. Pulte Home Corp.*,
  No. 08-0337, 2009 U.S. Dist. LEXIS 54650 (E.D. Cal. June 9,
  2009) ..................................................................................................................... 3

*Dias v. AT&T Wireless Servs., Inc.*,
  No. BC316195, slip op. (Cal. Super. Ct. July 20, 2007) ...................................... 5

*Hadjipateras v. Pacifica*,
  290 F.2d 697 (5th Cir. 1961) ................................................................................ 2

*Iowa v. U.S. Cellular Corp.*,
  No. 00-90197, 2000 WL 33915909 (S.D. Iowa Aug. 7, 2000) ............................ 5

*Kinkel v. Cingular Wireless*,
  No. 02-0999, slip op. (S.D. Ill. 2002) ................................................................... 5

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B)

CASE NO. CV05 2346 ABC (CWX)
CASE NO. CV07 5087 ABC (CWX)

*Klinghoffer v. S.N.C. Achille Lauro*,
  921 F.2d 21 (2d Cir. 1990) .................................................................................. 8

*Kroske v. US Bank Corp.*,
  432 F.3d 976 (9th Cir. 2005) ................................................................................ 3

*Kuehner v. Dickinson & Co.*,
  84 F.3d 316 (9th Cir. 1996) .................................................................................. 2

*MRW, Inc. v. Big-O Tires, LLC*,
  No. 08-1732, 2009 U.S. Dist. LEXIS 13058 (E.D. Cal. Feb. 20,
  2009) ............................................................................................................ 2, 3, 6

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
  No. 08-4119, 2009 U.S. Dist. LEXIS 39410 (N.D. Cal. Apr. 27,
  2009) ..................................................................................................................... 3

*Ovando v. City of Los Angeles*,
  92 F. Supp. 2d 1011 (C.D. Cal. 2000) ................................................................. 7

*Pub. Interest Research Group v. Hercules, Inc.*,
  830 F. Supp. 1549 (D. N.J. 1993) ........................................................................ 3

*Redfern v. AT&T Wireless Servs., Inc.*,
  No. 03-0206, 2003 U.S. Dist. LEXIS 25745 (S.D. Ill. June 16,
  2003) ..................................................................................................................... 5

*Shurance v. Planning Control Int'l, Inc.*,
  839 F.2d 1347 (9th Cir. 1988) .............................................................................. 7

*Simons v. GTE Mobilnet, Inc.*,
  No. 95-5169, slip. Op. (S.D. Tex. April 11, 1996) ............................................... 5

*Steering Committee v. U.S.*,
  6 F.3d 572 (9th Cir. 1993) .................................................................................... 3

*U.S. v. R.I. Insurers' Insolvency Fund*,
  80 F.3d 616 (1st Cir. 1996) .................................................................................. 3

*Winterrowd v. Am. Gen. Annuity Ins. Co.*,
  321 F.3d 933 (9th Cir. 2003) ................................................................................ 3

**STATUTES AND RULES**

28 U.S.C. § 1292 .................................................................................................... 1, 6

Fed. R. App. P. 5 ......................................................................................................... 1

**OTHER AUTHORITIES**

16 Charles A. Wright & Arthur R. Miller, *Federal Practice &
  Procedure* § 3929 (2d ed. 1996) .......................................................... 1-2, 3, 4, 6-7

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B)   - 2 -   CASE NO. CV05 2346 ABC (CWx)
CASE NO. CV07 5087 ABC (CWx)

# I.

# INTRODUCTION

In its Order Finding No Preemption, the Court concluded that Defendants' early termination fees ("ETFs") are not a rate or part of Defendants' rate structures, and as a result Plaintiffs' claims challenging the amount or reasonableness of those ETFs are not preempted by 47 U.S.C. § 332(c)(3)(A). Although Defendants do not agree with that conclusion, Defendants also do not ask the Court to reconsider it. Rather, Defendants respectfully request that the Court modify its Order and certify this threshold issue as immediately appealable pursuant to 28 U.S.C. § 1292(b). Doing so would materially advance the termination of the litigation by releasing this controlling question of law to the early consideration of the Ninth Circuit, and would not unduly delay this litigation, as the pendency of such an appeal would not automatically stay these proceedings, and Defendants will defer to the Court's sound discretion as to whether they should be stayed should an appeal be permitted.

# II.

# LEGAL STANDARD

Although most interlocutory orders are not immediately appealable, a district court can certify an order as immediately appealable if it is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The certification need not be made with the initial order. On the contrary, "the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement." Fed. R. App. P. 5(a)(3). The purpose of this procedure is to permit flexibility in allowing interlocutory appeals when doing so might avoid unnecessary litigation, particularly in complex cases where expensive, protracted efforts will follow the disputed ruling. *See, e.g.*, 16 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3929 &

nn.10-23 (2d ed. 1996) ("The flexible approach to § 1292(b) is far superior to blind adherence to a supposed need to construe strictly any permission to depart from the final judgment rule. The statute is not limited by its language to 'exceptional' cases. Flexibility is justified in part because the statute itself was suggested and drafted by judges who were concerned with avoiding the rigors of the final judgment rule.") (citing *Hadjipateras v. Pacifica*, 290 F.2d 697 (5th Cir. 1961)); *see also MRW, Inc. v. Big-O Tires, LLC*, No. 08-1732, 2009 U.S. Dist. LEXIS 13058, *9 (E.D. Cal. Feb. 20, 2009) (certifying order as immediately appealable even though continued litigation would not be abnormally protracted or expensive).

### III.

### DISCUSSION

**A. Federal Preemption Is A Controlling Question Of Law**

In the Ninth Circuit, "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); *see also Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) ("[I]n *Cement Litigation* we stated that 'issues collateral to the merits' may be the proper subject of an interlocutory appeal."). That is true here. Indeed, as the Court has already found, if Defendants' ETFs are a rate or an element of their rate structure, then the Plaintiffs' claims are preempted by § 332(c)(3)(A), judgment should be entered in their favor, and this action should be terminated. *See, e.g.*, Sasik Stay Order dated April 19, 2007, at 2 ("[I]f ETFs are rates charged, then Plaintiffs' claims . . . fall within the preemptive reach of Section 332."); Order Denying Motion to Dismiss dated May 8, 2009, at 2 ("review of ETFs under state law is preempted" if "a state law action on an ETF will affect the provider's rates"); Order Setting Schedule dated June 4, 2009, at 2 ("As to preemption, obviously, the Court has determined that this issue deserves immediate attention and resolution."). Because reversal of the Court's preemption ruling would terminate this proceeding,

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B) - 2 -  CASE NO. CV05 2346 ABC (CWx)
CASE NO. CV07 5087 ABC (CWx)

it is undoubtedly a "controlling" question of law for purposes of § 1292(b). *See, e.g.*, 16 Wright & Miller, *Federal Practice & Procedure* § 3930 at 423 ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment. . . ."); *see also Dalie v. Pulte Home Corp.*, No. 08-0337, 2009 U.S. Dist. LEXIS 54650, at *7 (E.D. Cal. June 9, 2009) (enforceability of class action waiver); *In re Cintas Corp. Overtime Pay Arbitration Litig.*, No. 06-1781, 2007 U.S. Dist. LEXIS 35591, at *4 (N.D. Cal. Apr. 24, 2007) (existence of federal jurisdiction); *Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*, No. 06-0735, 2006 U.S. Dist. LEXIS 75084, at *6 (N.D. Cal. Oct. 4, 2006) (same).[1]

## B. There Is A Substantial Ground For A Difference Of Opinion

A substantial ground for a difference of opinion exists if, among other things, there is a dearth of precedent in the controlling jurisdiction and conflicting precedent in others. *See APCC Servs. v. ESH AT&T Corp.*, 297 F. Supp. 2d 101, 107 (D.D.C. 2003) (citing *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 212 F. Supp. 2d 903, 909-10 (S. D. Ind. 2002); *Pub. Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1549, 1556 (D. N.J. 1993)); *see also Northstar Fin. Advisors Inc. v. Schwab Invs.*, No. 08-4119, 2009 U.S. Dist. LEXIS 39410, at *3 (N.D. Cal. Apr. 27, 2009) (conflicting authority regarding private right of action); *Dalie*, 2009 U.S. Dist. LEXIS 54650 at *8-9 (no "bright-line" rule regarding enforceability of class action waivers); *MRW, Inc.*, 2009 U.S. Dist. LEXIS 13058 at

---

[1] The fact that the Court found that certain facts had bearing on the analysis does not mean preemption is not a controlling question "of law." Preemption is a question of law. *See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 937 (9th Cir. 2003); *U.S. v. R.I. Insurers' Insolvency Fund*, 80 F.3d 616, 619 (1st Cir. 1996) ("[A] federal preemption ruling presents a pure question of law subject to plenary review."). And, even if it were considered a mixed question of law and fact in this case, interlocutory appeal pursuant to § 1292(b) would still be available. *See, e.g., Steering Committee v. U.S.*, 6 F.3d 572, 585-86 (9th Cir. 1993) (approving exercise of jurisdiction pursuant to § 1292(b) over mixed question of law and fact). That is especially true here, where the facts the Court deemed relevant—that ETFs in some markets were not prorated and were the same for both one and two year contracts—are not in dispute.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B)

- 3 -

CASE NO. CV05 2346 ABC (CWx)
CASE NO. CV07 5087 ABC (CWx)

*7-9 (district court's conclusion rested primarily on two cases in which the facts "did not perfectly fit the facts at issue"); *In re Cintas*, 2007 U.S. Dist. LEXIS 35591 at *5 (existence of circuit split and Ninth Circuit had not "squarely ruled" on issue); *Advanced Analogic Techs., Inc.*, 2006 U.S. Dist. LEXIS 75084 at *6-7 (conflict of authority in analogous cases).

Of course, more than a mere counting of cases is required. To the contrary, the court must consider the strength of the contrary authority and the importance of the issue to the disposition of the case:

> [A] court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute. Where "proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified even if there is a relatively low level of uncertainty." Although this Court believes that its prior decisions relating to the existence of a private right of action under the Communications Act and the standing of the plaintiffs-assignees are correct, it also recognizes the arguments in support of contrary conclusions are not insubstantial.

*APCC Servs.*, 297 F. Supp. 2d at 107 (quoting 16 Wright & Miller, *Federal Practice & Procedure* § 3930 at 422 (1996)); 16 Wright & Miller, *Federal Practice & Procedure* § 3930 & n.15 at 422-23 ("The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case.") (citing *Brown v. Texas & Pac. R.R.*, 392 F. Supp. 1120, 1125 (D.C. La. 1975); *Atlantic City Elec. Co. v. G.E.*, 207 F. Supp. 613, 620 (D.C.N.Y. 1962)).

Here, there is a substantial ground for a difference of opinion on this issue. The term "rates charged" is not defined in the Communications Act, neither the Ninth Circuit nor any other circuit court has had occasion to interpret the term in the context of ETFs, and the few lower courts that have are not in agreement. Defendants submit that the decisions finding that ETFs are "rates" for purposes of

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B)   - 4 -   CASE NO. CV05 2346 ABC (CWx)
CASE NO. CV07 5087 ABC (CWx)

§ 332 are better reasoned,[2] and that decisions finding otherwise are unpersuasive, as they are primarily *dicta* resulting from non-appealable remand orders that turn on a different legal question, namely whether there is "complete preemption" under the Communications Act.[3] For present purposes, however, it does not matter whether Defendants disagree with the Court. What matters is whether other courts disagree, whether there is a substantial basis for their difference of opinion, and whether the issue is potentially dispositive here. The answer to all three questions is "yes."

---

[2] *See Dias v. AT&T Wireless Servs., Inc.*, No. BC316195, slip op. at 5 (Cal. Super. Ct. July 20, 2007) (ETF claims preempted because their "principal purpose" and "direct effect" is "controlling rates"); *Consumer Justice Found. v. Pac. Bell Tel. Co.*, No. BC214554, slip op. at 4 (Cal. Super. Ct. July 29, 2002) (ETF claims preempted because "Defendant has provided sufficient and competent evidence to show that the early termination fee assessed by Defendants in the event of a breach or cancellation of a contract for wireless services is inextricably linked to the rates charged by Defendant for providing those wireless services and it is designed to enable Defendant to recover the origination costs incurred at the beginning of the contractual relationship with the consumer."); *Chandler v. AT&T Wireless Servs., Inc.*, No. 04-0180, 2004 U.S. Dist. LEXIS 14884, at *4 (S.D. Ill. July 21, 2004) ("It seems clear that the ECF is directly connected to the rates charged for mobile services, and any challenge to such a fee is preempted by federal law."); *Redfern v. AT&T Wireless Servs., Inc.*, No. 03-0206, 2003 U.S. Dist. LEXIS 25745, at *2 (S.D. Ill. June 16, 2003) (ETF "affects the rates charged for mobile service and, thus, Plaintiff's challenge to the fee is completely preempted"); *Aubrey v. Ameritech Mobile Commc'ns, Inc.*, No. 00-75080, 2002 WL 32521813, at *3 (E.D. Mich. June 17, 2002) ("it is clear that the Plaintiff is challenging the rates charged by AMC for its wireless services"); *Simons v. GTE Mobilnet, Inc.*, No. 95-5169, slip op. at 4 (S.D. Tex. April 11, 1996) (ETF claim preempted because "Congress has expressly and completely preempted the entire field of rate regulation").

[3] *See Iowa v. U.S. Cellular Corp.*, No. 00-90197, 2000 WL 33915909 (S.D. Iowa Aug. 7, 2000); *Kinkel v. Cingular Wireless*, No. 02-0999, slip op. (S.D. Ill. 2002). The Court's Order relied on these two decisions. But one (*Kinkel*) was followed by two decisions (*Redfern* and *Chandler*) in which the same judge found, after consideration of a robust record like that presented here, that ETFs ***are*** rates. The other (*U.S. Cellular*) is pure *dicta*, as the court had already decided that there is no complete preemption under the Communications Act, making any subsequent discussions of whether ETFs are "rates" wholly unnecessary. *U.S. Cellular Corp.*, 2000 WL 33915909, at *4 ("This Court, therefore, finds that the Communications Act, specifically section 332, does not so complete preempt regulation of cellular service that the State's complaint is necessarily federal in character for purposes of removal jurisdiction. ***Even if this Court were required to engage in further discussion of the preemptive power of section 332, states are only specifically prohibited from regulating rates and market entry. . . .***") (emphasis added).

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO
PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B) - 5 -  CASE NO. CV05 2346 ABC (CWx)
CASE NO. CV07 5087 ABC (CWx)

## C. **<u>Immediate Appeal Will Advance The Termination Of The Case</u>**

Having shown that the Defendants' preemption defense is a controlling question of law as to which there is a substantial ground for difference of opinion, *see supra*, the question becomes whether an interlocutory appeal might materially advance the termination of these actions. It would. Indeed, it would advance not only the termination of these actions, but the termination of several similar actions against the Defendants and others across the country.

As this Court has acknowledged, the Defendants' federal preemption defense is a potentially dispositive issue that is severable from the remainder of the action, and as such is deserving of consideration and resolution before other issues. *See,* Order Setting Schedule dated June 4, 2009, at 2 ("As to preemption, obviously, the Court has determined that this issue deserves immediate attention and resolution."). It follows that this threshold issue deserves immediate appellate attention as well, as a reversal of the Court's Order would obviate the need for further proceedings, including rulings regarding any unresolved pretrial issues (*e.g.*, class certification, the enforceability of the class action waiver in the Defendants' terms of service, the admissibility of the parties' expert witnesses, *etc.*) and, of course, a lengthy trial. There can be no disputing that rendering any (and potentially many) of those efforts unnecessary would materially advance the termination of this litigation. *See, e.g.*, 16 Wright & Miller, *Federal Practice & Procedure* § 3929 at 396 ("prompt appeal might prove highly useful" if district court has ruled on "the scope of availability of an important defense."); *see also MRW, Inc.*, 2009 U.S. Dist. LEXIS 13058 at *9.

Defendants expect that Plaintiffs will oppose the instant Motion by claiming it is an attempt to delay the resolution of this action. Plaintiffs would be mistaken, as taking an interlocutory appeal does not operate as a stay of the underlying case. *See* 28 U.S.C. § 1292(b) ("[A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."); 16 Wright & Miller, *Federal Practice &*

Drinker Biddle & Reath LLP
Attorneys At Law
San Francisco

Motion To Modify Order Finding No Preemption Pursuant To 28 U.S.C. § 1292(b)    - 6 -    Case No. CV05 2346 ABC (CWx)
Case No. CV07 5087 ABC (CWx)

*Procedure* § 3929 at 398 ("Section 1292(b) expressly provides that district court proceedings are not stayed by application for appeal. . . ."). In point of fact, an immediate interlocutory appeal would accelerate the pace of this proceeding and hasten its ultimate conclusion. And although this is the sort of case where ordering a stay would be appropriate, *see id.* ("A stay may be appropriate if the certified order may dispose of the entire case without need for further proceedings"), Defendants are mindful of the fact that these actions were already stayed in order to give the FCC an opportunity to declare that wireless ETFs are "rates" for purposes of § 332(c)(3)(A), and are prepared to defer to the Court's judgment regarding whether a stay should issue in the event it certifies this Order.

This case is unlike other cases where courts have found that an interlocutory appeal would be counterproductive because, *e.g.*, the case is on the eve of trial. *See, e.g.*, *Cortez v. MTD Prods.*, 927 F. Supp. 386, 394 (N.D. Cal. 1996) (denying certification because movant could take appeal from judgment entered after trial scheduled to occur in a few months); *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) (same). Here, an interlocutory appeal could easily conclude before a trial on the merits begins, even assuming the Court's current case management schedule holds. If the Court's ruling were reversed, the trial would become unnecessary. And if it were affirmed, the trial would proceed as scheduled, the parties' presentation of the evidence would be streamlined, and litigants in other actions would have the benefit of the Ninth Circuit's guidance on an important legal issue that to date has evaded appellate review. *See Ovando v. City of Los Angeles*, 92 F. Supp. 2d 1011, 1025 (C.D. Cal. 2000) (finding that interlocutory appeal would "materially advance the litigation" by "providing guidance on an unsettled area of law" and promoting "uniformity in the application of the law" due to similar actions elsewhere); *see also* 16 Wright & Miller, *Federal Practice & Procedure* § 3930 & n.24 at 425 ("the opportunity to achieve appellate resolution of an issue important to other cases may provide an additional reason for certification") (citing

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B) - 7 - CASE NO. CV05 2346 ABC (CWX)
CASE NO. CV07 5087 ABC (CWX)

*Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he system-wide costs and benefits of allowing appeal are properly taken into account. But importance to other cases is not essential.")). Simply put, there are several compelling reasons to release this important threshold legal question to the early consideration of the Ninth Circuit, and no good reason not to.

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

*///*

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B) - 8 -

CASE NO. CV05 2346 ABC (CWX)
CASE NO. CV07 5087 ABC (CWX)

## IV.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court modify its Order Finding No Preemption and certify it as immediately appealable pursuant to 28 U.S.C. § 1292(b).

Dated: August 18, 2009

DRINKER BIDDLE & REATH LLP

By: /s/ Michael J. Stortz
    Michael J. Stortz
    Beth O. Arnese

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Counsel for Defendants
AT&T MOBILITY LLC, f/k/a
CINGULAR WIRELESS LLC and
AT&T WIRELESS SERVICES, INC.

Seamus C. Duffy
William M. Connolly
Michael P. Daly
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757

Of counsel for Defendants
AT&T MOBILITY LLC, f/k/a
CINGULAR WIRELESS LLC and
AT&T WIRELESS SERVICES, INC.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO MODIFY ORDER FINDING NO PREEMPTION PURSUANT TO 28 U.S.C. § 1292(B) - 9 -

CASE NO. CV05 2346 ABC (CWx)
CASE NO. CV07 5087 ABC (CWx)